IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LEONARD JOSEPH HEITZ, III,<br><br>    Plaintiff,<br><br>v.<br><br>WEST JORDAN POLICE DEPARTMENT,<br><br>    Defendant. | **ORDER TO AMEND DEFICIENT COMPLAINT, & MEMORANDUM DECISION**<br><br>Case No. 2:12-CV-973 TS<br><br>District Judge Ted Stewart |

Before the Court is *pro se* Plaintiff Leonard Joseph Heitz, III's Motion for Service of Process[1] and Motion to Appoint Counsel.[2] Reviewing the Complaint under 28 U.S.C. § 1915, the Court determines that it is deficient. The Court will therefore deny both Motions without prejudice and order Plaintiff to cure the deficiencies in the Complaint.

**Deficiencies in Complaint**

Complaint:

(a) improperly names West Jordan Police Department as a defendant, though it is not an independent legal entity that can sue or be sued.

(b) does not identify an affirmative link between West Jordan Police Department and the violation of Plaintiff's civil rights.

---

[1] Docket No. 4.

[2] Docket No. 5.

  (c) states a claim against West Jordan Police Department, in violation of the municipal-liability doctrine (see below).

### Instructions to Plaintiff

Under Rule 8 of the Federal Rules of Civil Procedure a complaint must contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks."[3]  Rule 8(a)'s requirements are meant to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest."[4]

Pro se litigants are not excused from compliance with the minimal pleading requirements of Rule 8.  "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted."[5]  Moreover, "it is not the proper function of the Court to assume the role of advocate for a

---

[3] Fed. R. Civ. P. 8(a).

[4] *TV Commnc'ns Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

[5] *Hall v. Bellmon*, 935 F.2d 1106, 1009 (10th Cir. 1991).

2

pro se litigant."[6] Thus, the Court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded."[7]

Plaintiff should consider these points when refiling his complaint: First, the complaint must clearly state what each individual defendant did to violate Plaintiff's civil rights.[8] "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'"[9] Second, subordinate agencies of cities are not separate legal entities with capacity to sue or be sued.[10] Thus, the Court construes Plaintiff's claim against West Jordan Police Department as a claim against West Jordan City itself.

To establish the liability of municipal entities, such as West Jordan City, under § 1983, "a plaintiff must show (1) the existence of a municipal custom or policy and (2) a direct causal

---

[6] *Id.* at 1110.

[7] *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

[8] *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil rights action).

[9] *Stone v. Albert*, No. 08-2222, slip op. at 4 (10th Cir. July 20, 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)).

[10] *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (stating sheriff's and police departments are not usually considered legal entities subject to suit under § 1983).

link between the custom or policy and the violation alleged."[11] Municipal entities cannot be held liable under § 1983 based on the doctrine of *respondeat superior*.[12]

Plaintiff has not so far established a direct causal link between his alleged injuries and any custom or policy of West Jordan City.  Thus, the Court concludes that Plaintiff's Amended Complaint, as it stands, appears to fail to state claims against West Jordan City.

## Motion to Appoint Counsel

Plaintiff moves for appointed counsel.  Plaintiff has no constitutional right to counsel.[13]  However, the Court may in its discretion appoint counsel for indigent plaintiffs.[14]  "The burden is upon the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel."[15]

When deciding whether to appoint counsel, the district court

---

[11] *Jenkins v. Wood*, 81 F.3d 988, 993-94 (10th Cir. 1996) (citing *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)).

[12] *See Cannon v. City and County of Denver*, 998 F.2d 867, 877 (10th Cir. 1993); *see also Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978).

[13] *See Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995); *Bee v. Utah State Prison*, 823 F.2d 397, 399 (10th Cir. 1987).

[14] *See* 28 U.S.C.S. § 1915(e)(1) (2012); *Carper*, 54 F.3d at 617; *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).

[15] *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

should consider a variety of factors, "including 'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'"[16]

Considering the above factors, the Court concludes here that, at this time, Plaintiff's claims may not be colorable, the issues in this case are not complex, and Plaintiff is not at this time too incapacitated or unable to adequately function in pursuing this matter.  Thus, the Court denies for now Plaintiff's motions for appointed counsel.

## ORDER

**IT IS HEREBY ORDERED** that:

(1) Plaintiff shall have thirty days from the date of this order to cure the deficiencies noted above.

(2) the Clerk's Office shall mail Plaintiff a copy of the Pro Se Litigant Guide.

(3) if Plaintiff fails to timely cure the above deficiencies according to the instructions here this action will be dismissed without further notice.

---

[16] *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams*, 926 F.2d at 996); *accord McCarthy*, 753 F.2d at 838-39.

(4) Plaintiff's Motion to Appoint Counsel (Docket No. 5) is DENIED WITHOUT PREJUDICE; however, if, after the case develops further, it appears that counsel may be needed or of specific help, the Court will ask an attorney to appear pro bono on Plaintiff's behalf.

(5) Plaintiff's Motion for Service of Process (Docket No. 4)is DENIED WITHOUT PREJUDICE.  There is no valid complaint on file to be served.  Also, if Plaintiff files an amended complaint, the Court will, on its own, review the amended complaint and determine whether to order service.[17]  No request is needed by Plaintiff to trigger that process.

DATED this 25th day of February, 2013.

BY THE COURT:

_____
CHIEF JUDGE TED STEWART
United States District Court

---

[17] *See* 28 U.S.C.S. § 1915A (2012).